UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JUSTIN CUELLAR,<br><br>             Plaintiff,<br><br>      v.<br><br>KALEH, et al.,<br><br>             Defendants. | No. 1:25-cv-00711-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 11) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint in this action on June 11, 2025. (ECF No. 1.)

On August 6, 2025, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 10.)

Plaintiff failed to file an amended complaint or otherwise respond to the August 6, 2025 order. Therefore, on September 15, 2025, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 11.) Plaintiff has failed to respond to the

1

order to show cause and the time to do so has now passed. Thus, the operative complaint before the Court is Plaintiff's initial complaint, which as explained in the screening order and below, fails to state a cognizable claim for relief and dismissal of the action is warranted. Consequently, dismissal of the action is warranted as the Court previously provided Plaintiff with instructions about to cure the defects in his claims, but Plaintiff has failed to do so.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d

1 at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

The events at in the complaint took place at the Madera County Jail, where Plaintiff was presumably a pretrial detainee. Plaintiff claims he was subjected to cruel and unusual punishment, retaliation, and denied access to the court.

Defendants Kaleh and Behe retaliated against Plaintiff for being a pro se and using the grievance procedure regarding jail conditions. Plaintiff was placed in the security housing unit from December 27, 2024 to March 21, 2025, which prevented him from exercising his right to grieve and adequately prepare his defense in his criminal case. Plaintiff was also subjected to cruel and unusual punishment because he was placed in the security housing unit which had atypical jail conditions, such as low temperatures, no newspaper, no books, no phone access, no hot water, and no regular mail.

Defendants Kaleh and Behe also subjected Plaintiff to cruel and unusual punishment by placing Plaintiff back into the security housing unit on May 28, 2025, where he remains, as punishment for having Defendants served with criminal subpoenas to testify in his criminal case. These Defendants also intentionally prevented Plaintiff's criminal pro per legal mail from being sent out on May 28, 2025, and placed into his personal property, with knowledge the mail consisted of a motion to be filed causing injury.

Defendant Behe intentionally withheld 25 legal request forms from being sent for the jail's paging system on May 9, 2025, to cause injury to Plaintiff's criminal case. Plaintiff never received the requested material which prevented him from drafting and filing a motion to "traverse search warrant."

Defendant Villalobos intentionally issued a false rules violation against Plaintiff after he got sent to the security housing unit on May 28, 2025, which restricted Plaintiff from all visits, program, and commissary for 4 weeks.

3

**III.**

**DISCUSSION**

"[P]re-adjudication detainees retain greater liberty protections than convicted ones." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535–36 (1979); Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017–18 (9th Cir. 2010).

### A.   Placement in Security Housing Unit

The proscription against punishment before trial can be violated in multiple ways. Most obviously, it can be violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 538; see also Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015) (quoting Bell, 441 U.S. at 538) (" '[P]unishment' can consist of actions taken with an 'expressed intent to punish.' "). If a jailer lacks express intent to punish, "a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.' " Id. (quoting Bell, 441 U.S. at 561). To "constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004). "Absent evidence of express punitive intent, it may be possible to infer a given restriction's punitive status 'from the nature of the restriction.' " Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008) (quoting Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002)). There is no constitutional infringement, however, if restrictions are "but an incident of some other legitimate government purpose." Bell, 441 U.S. at 538.

The Ninth Circuit has held that a pretrial detainee "may not be punished without a due process hearing." Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996). However, "to constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement."). Demery, 378 F.3d at 1030). Detainee's may, however, "be segregated for administrative or security reasons with less

procedural due process ...." Henderson v. City and County of San Francisco, No. C-05-234 VRW, 2006 WL 3507944, at *14 (N.D. Cal. Dec. 1, 2006).

The allegations in the complaint do not indicate whether jail officials held a hearing before Plaintiff was placed in the security housing unit. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' " Bell, 441 U.S. at 539. In addition, the complaint does not contain facts to show that the named Defendants were responsible for this alleged rights deprivation. While Plaintiff alleges that Defendants Kaleh and Behe placed him in the security housing unit, he does not allege sufficient facts to show that these Defendants were personally involved in disciplining Plaintiff. For example, there are no facts alleged to show that these Defendants initiated disciplinary proceedings against Plaintiff (e.g., by issuing a Rules Violation Report against him), that these Defendants made the decision to deny Plaintiff a hearing or otherwise had any control over the disciplinary process, or that these Defendants made the actual decision to place Plaintiff in security housing (or even had the authority to do so). Absent facts to show specific personal involvement, Plaintiff's claims are subject to dismissal. See Jones v. Williams, 297 F.3d at 934; see also Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (explaining that a person "subjects" another to the deprivation of a constitutional right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made" (emphasis added)). Accordingly, based on the facts in the complaint, Plaintiff fails to state a plausible claim for relief.

**B.    Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). This right is limited to direct criminal appeals, habeas petitions, and civil rights cases brought under 42 U.S.C. § 1983. Id. at 354. In order to state a claim for the denial of court access, a prisoner must have suffered an actual injury. Id. at 349. Actual injury in this context is "actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348. The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy lost in order to give fair

5

1  notice of the allegations. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518
2  U.S. at 353 & n.3).

3  The actual injury requirement for an access to courts claim applies to pretrial detainee. See
4  Jones v. Blanas, 393 F.3d at 936 (affirming summary judgment of pretrial detainee's access to
5  courts claim where detainee "did not allege injury, such as an inability to file a complaint or
6  defend against a charge, stemming from the restrictions on his access to the law library").

7  Here, Plaintiff contends that he was denied access to the court with regarding to his
8  pending criminal case when Defendants Kaleh and Behe intentionally prevented Plaintiff's
9  criminal pro per legal mail from being sent out on May 28, 2025, and placed into his personal
10 property, with knowledge the mail consisted of a motion to be filed causing injury.  In addition,
11 Plaintiff contends that Defendant Behe intentionally withheld 25 legal request forms from being
12 sent for the jail's paging system on May 9, 2025, to cause injury to Plaintiff's criminal case.
13 Plaintiff never received the requested material which prevented him from drafting and filing a
14 motion to "traverse search warrant."   While Plaintiff contends that he was prevented from filing
15 certain documents in his criminal case, he fails to demonstrate "actual injury."   Plaintiff has not
16 described an actual injury such as the inability to meet a filing deadline or present a claim. To the
17 contrary, Plaintiff's criminal case appears pending in state court.  Plaintiff also has not described
18 a specific remedy that was lost.  The right of access to the courts is a right to bring petitions or
19 complaints to the court and not a right to discover such claims or even to litigate them effectively
20 once filed with a court. Lewis, 518 U.S. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899
21 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or a civil rights
22 complaint of a person in state custody will reach a court for consideration.").  Accordingly,
23 Plaintiff fails to state a cognizable claim for relief.

24  **C.     Retaliation**

25  The First Amendment guarantees a prisoner the right to file a grievance or access the
26 courts. Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015); Brodheim v. Cry, 584 F. 3d 1262,
27 1269 (9th Cir. 2009).  Retaliating against an inmate for exercising this right is "prohibited as a
28 matter of 'clearly established law." Brodheim, 584 F.3d at 1269 (citations omitted). To state a

1  claim for First Amendment retaliation, a plaintiff must allege five elements: (1) he engaged in
2  protected activity; (2) the state actor took an adverse action against the plaintiff; (3) a causal
3  connection between the adverse action and the protected conduct; (4) the defendant's actions
4  would chill or silence a person of ordinary fitness from protected activities; and (5) the retaliatory
5  action did not advance a legitimate correctional goal. Chavez v. Robinson, 12 F.4th 978, 1001
6  (9th Cir. 2021) (quoting Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)). To raise a
7  triable issue, a plaintiff must come forward with "either direct evidence of retaliatory motive or at
8  least one of the three general types of circumstantial evidence"— (1) proximity in time between
9  the protected speech and the alleged retaliatory act; (2) expressed opposition; or (3) other
10  evidence that the reasons proffered for the adverse action are false or pretextual. Allen v. Iranon,
11  283 F.3d 1070, 1077 (9th Cir. 2002); see also Bruce v. Ylst, 351 F.3d 1283, 1288–89 (9th Cir.
12  2003); McCollum v. Ca. Dep't of Corr. And Rehab., 647 F.3d 870, 882 (9th Cir. 2011). Mere
13  speculation that a defendant acted out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d
14  899, 905 (9th Cir. 2014) (citing cases).

15  Here, Plaintiff contends that he was placed in the security housing unit as punishment for
16  having Defendants served with criminal subpoenas to testify in his criminal case. However,
17  Plaintiff has failed to demonstrate that the service of the criminal subpoenas was a substantial and
18  motivating factor in his placement in the security housing unit, that his rights under the First
19  Amendment were chilled, or that it did not serve a legitimate penological purpose. Plaintiff's
20  allegations are simply too vague and conclusory to find that his placement in restricted housing
21  was because he exercised his rights under the First Amendment. Accordingly, Plaintiff fails to
22  state a cognizable claim for retaliation.

23  **D.   False Rules Violation**

24  There is no due process right to be free from being falsely or wrongfully accused of
25  conduct, even where such accusations may result in deprivation of a protected liberty interest. See
26  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951
27  (2d Cir. 1986). Thus, to the extent Plaintiff seeks to hold Defendant Villalobos for issuing a false
28  rules violation after he was placed in the security housing unit  does not give rise to a cognizable

7

claim for relief.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **October 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge